Number 1-9-1-0-0-3, United States v. Jose Reyes-Correa. Thank you. Good morning, Mr. Alejandro. Good morning, Your Honors, all members of the panel, all people present. My name is Julio Cesar Alejandro. I will be arguing in this case for Mr. Jose Reyes-Correa. Okay, so Mr. Jose Reyes-Correa was observed by a police officer, a state police officer, selling drugs in the Fernando Ruiz Garcia public housing project in November 18 and 19, 2015. Based on that information, the officer obtained and executed a search warrant for his apartment, wherein he seized several items and 41 bags of crack cocaine. Mr. Reyes-Correa was charged at the state level with a 401 article under the controlled substance law of the Puerto Rico, which charged him with possession with intent to distribute. In December 19, 2015, he went before a magistrate judge for his preliminary hearing, and at that point the government and Mr. Reyes-Correa and counsel for Mr. Reyes-Correa pled the case to a 406 article, 406 of the controlled substance law, which is the intent or conspiracy article in the controlled substance law. Can you tell me the name of the co-conspirator in the state court proceeding? No, Your Honor, there was no named co-conspirator in the state court. There was no co-conspirator, in fact. Well, Your Honor, the evidence in support of the search warrant and the evidence that would have presumably supported the allegation of the appeal guilty was that he was selling drugs at the public housing project, and he was selling drugs out of his apartment, Your Honor. That's what we allege in our motion and our real motion to dismiss. The government did not actually contest that. What the government actually said was that it was obvious that he was selling drugs within the housing project from his apartment. You need it to be a conspiracy 406 charge, not an attempt 406 charge, right, for you to win? I'm sorry, I didn't understand the question. 406, as I understand it, says it can either be attempt or conspiracy, right? Yes, Your Honor, that's correct. And you only can win on your double jeopardy challenge if we treat the 406 as a conspiracy rather than attempt. That's correct, Your Honor. Well, what in the record supports the conclusion that we should read the 406 conviction as for conspiracy rather than attempt? Yes, Your Honor. First of all, he was not observed attempting to peddle the drugs. He was actually selling drugs when the observations were made. That's why I made that record in my original motion to dismiss that on October 18 and 19, the police officer in charge of the investigation observed Mr. Reyes-Correa actually selling drugs within the housing project during the span of the conspiracy. That's not inconsistent with charging with attempt. Well, Your Honor, if it wasn't the prosecutorial objective of the plea, of the December plea and the March 2016 judgment was to charge him with the attempt, that should have been clarified by the government because at that point what I have is a sentence, a conviction which... I'm saying all the evidence that we have supports an attempt charge, but what supports a conspiracy charge? The fact that he was selling drugs at the housing project, Your Honor. How is that enough to show there's a conspiracy? Because he would not have been able to sell those drugs, Your Honor, or otherwise operate within that housing project without being a part of the conspiracy. By this time... That's total speculation. There's no evidence about that. Well, not speculation, Your Honor. It would have been speculation if the government hadn't alleged on the indictment in this case that the conspiracy was ongoing in that housing project from 2007 through June 2017. That's not the same government. Huh? Is that the Puerto Rico charge allege that also? No, no, no. The Puerto Rico charge only says that he was selling drugs at the housing project on that day. On a single day. On November 4th of 2015. On a single day and without naming any of the co-conspirators. No, no, no. What we are arguing is that the only manner or the only way that he could operate at that housing project on that date is if he was a member of the conspiracy, which the government eventually alleged he was. So it's the same... But a different government alleged that. Excuse me? A different government alleged that. Well, it's the same sovereign, Your Honor, since... No, I know that. And frankly... Is it the same conspiracy? It's the same conspiracy. How do we know it's the same conspiracy? Because the only way that Mr. Reyes-Correa would have been able to sell drugs at the housing project on that date with an established conspiracy is if he was a member of the conspiracy, Your Honor. And frankly, if the case had not gone down on the state level as a conspiracy and the conviction would have entered as a 406 conspiracy... But it didn't. It went as a 406 attempt or conspiracy. And the question is what at the time of the 406 conviction indicates at the time of the conviction, not now looking back, at the record of the 406 conviction, what would have supported a conspiracy charge rather than an attempt charge? Well, that Mr. Agent Antonio Hernandez, which was the investigating agent, he observed not once but twice Mr. Reyes-Correa selling drugs out of his apartment. But that alone, that evidence alone cannot support a conspiracy charge. Do you agree with that? Yes, yes, I would. But that evidence alone can support an attempt charge. No, because an attempt charge would have been him not being able to peddle the drugs, Your Honor. He was able not only to sell the drugs, but he was able to do it twice, and he kept the drugs inside his apartment. So he was possessing with intent to distribute even without selling the drugs inside the housing project. And the conduct... Excuse me. You interrupted the judge. Can't you succeed in proving attempt even in a case in which the person completes the sale? Yes, and that's something that I would have expected the government to come forth and bring evidence or bring a proffer saying, look, this is what actually happened in this case. The defendant was pled down, but only on the attempt part of 406, not on the conspiracy part. Because right now, the record, what it reflects is that Mr. Reyes-Correa was able to sell drugs within the housing project, within the time frame of the conspiracy. He was charged for it, and the state government, the Puerto Rico government, pled it down to an 806, which can only be, at this point, under some contention can only be considered a conspiracy at this point. Because he did sell drugs. He was observed. Selling drugs by itself is not a conspiracy. You need more than just that. And if there was not an organization like the one in place here, alleged here, it would have not been, but Mr. Reyes-Correa would only have been able to sell those drugs in that housing project if he was a member of that conspiracy, which was eventually alleged in this case. And that statement is supported by evidence in the record? That he was selling inside? Well, that he had to be a member of a conspiracy to be able to sell drugs there? Well, Your Honor, yes. There is evidence about that? The police officer himself testified that there was, if I'm not mistaken, on the storage statement that they had the confidential information. They received it and that Mr. Reyes-Correa was selling inside the housing project pursuant to his being a member of this conspiracy, pursuant to him being one of the sellers of the drugs. Excuse me. At the time of the 406 conviction? Yes, at the time of the 406 conviction. There's evidence of the record. If we look only at the record at the time of the 406 conviction, we'll see the evidence you just said? At the time of the 406 conviction, there was a sworn statement by Anthony Hernandez, which is the investigating agent. He said that there was a known drug point in that area, that Mr. Reyes-Correa was selling drugs in that drug point, and that he had been able to observe Mr. Reyes-Correa on November 18th and November 19th selling the drugs. And on the basis of that, he obtained a search warrant for his farm. Well, but that doesn't suggest necessarily that he was part of a conspiracy. No, it does not, Your Honor. And frankly, if the 406 had not been mentioned at the time of the judgment was passed, I would have been in a very different situation. But right now, I can't only help, I can't help but argue this before the court because that's the state in which the case reached this stage, right? I mean, the government did not clarify whether it was a 406 based on attempt or based on a conspiracy. It can be both. It is done. I'm not saying that in state court cases, they are usually settled that way. They are played down to a 406 and then on the attempt aspect of it. But I don't think that it was up to me to bring that clarification to this district court or to this court, for that matter, because the station with the case reaches me. There's a judgment under 406 stating that Mr. and 406, Article 406 of the Controlled Substances Law, stating that Mr. Reyes-Correa was convicted to a year of imprisonment and five years probation based on him selling drugs at the Fernando Reyes Garcia Housing Project in Mutual. So based on that, Mr. Reyes-Correa submits that he has already been indicted and he's currently serving his sentence in that case, in the state case, but it is the same conduct that he incurred for this case. If the panel reviews the. Are we on plain error in your view or? Excuse me? Is this plain error review or? This is a null review because he was on a motion to dismiss. We are on an interlocutory appeal. And it's a question of law. There's really no factual question because the government basically did not contest our representation that those were the facts in the state court case. The government does contest that the evidence will describe a larger conspiracy, one that predates back to 2007. That would not be surprising. But as to this defendant, they have not really added any factual or proffer, any factual statement or proffer that this defendant in particular participated beyond selling drugs from his apartment or that he did anything else besides sell drugs at the Fernando Luis Garcia housing project. So we submit, Your Honor, that even if the government could bring evidence that he had been doing that for some time before, the fact that a 406 entered on March 2016 and he never again was, there's no evidence that he ever again became reinstated in the conspiracy or that he reentered the conspiracy, that would bring the double jeopardy analysis into play, Your Honor, because he's already, it's the same conduct, selling drugs in the same housing project, and the time frame is relevant, Your Honor. And regarding the individuals or the identity of the individuals involved, the record is clear from the sworn statement that the defendant was selling drugs at the Fernando Luis Garcia housing project. I have no, is there no question? I have no further argument. Thank you. Thank you. Is it Ms. Brooke or Ms. Snyder? Ms. Hostetler. Okay, sorry. May it please the Court, Kelly Brooke Hostetler for the government. This is the case in which we filed a letter saying that we were no longer relying on post conduct, or post Puerto Rican offense conduct. But Reyes has not made a prima facie non-frivolous showing that his conviction under Section 406 of Puerto Rico's Controlled Substances Act is the same offense for which he was indicted under Section 846 of federal law. He has put no evidence in the record to show that his offense was, in fact, a conspiracy rather than an attempt. And, in fact, the available evidence. The thing is, I'm just not sure what he's supposed to put forward. The offense is conspiracy or attempt. Correct. And then, you know, at the time that that charge is put down, they're not thinking about the follow-on consequences of a federal thing. So there's just no clarification on that point. So what are we supposed to do? Well, in the lower court proceeding, he could have made a proffer explaining if, in fact, he had a role in this conspiracy. Why would he have done that? Why would he have done that? To make a prima facie showing. But he doesn't even know at the time that there's a double jeopardy issue to be raised. I'm sorry, not in the Puerto Rico hearing, but in the lower court proceedings here in this case. Once he believed that there was a double jeopardy. But the point is, he was convicted already of the Puerto Rico law offense. That conviction either is for attempt or is for conspiracy, and you can't do anything post hoc to make it one or the other. It was what it was. Right. He could have put on evidence to clarify. I mean, for example, he talked about police officer statements, but none of that's in the record. So, in fact, that was part of the record in the Puerto Rico case. We've been unable to get such statements. I've tried as part of preparation for this hearing, but haven't been able to obtain anything. But if there were additional information from that case that would have shed light on it. But what I'm saying, suppose there's no information. Right. And we have a conviction that is for attempt or conspiracy. And we just don't know which of the two it is. Well, I think if you're in complete equipoise, the burden is on the defendant in the first case to make a prima facie showing. But here we're not in equipoise because, in fact, the conviction on its face and the indictment on its face show no co-conspirators named or unnamed, which strongly suggests it's an attempt and not a conspiracy. So I don't think we're in equipoise. I think all the evidence that is available shows that it's an attempt and not a conspiracy. Is it the same conduct in both cases? You mean under the Laguna Estella test?  Repeat. I didn't hear what you said. Under the Laguna Estella test, I don't think, even if it were a conspiracy, it would be the same conspiracy. Or let me. I said the same conduct. The same conduct. Well, in the sense that, well, we don't actually know because we don't know what the substantive offense was underlying the 406 conviction. As this court has held in Martinez-Benitez, we can no longer just look to the indictment to see what the underlying substantive offense is. How is the defendant ever to be able to solve that problem? I mean, it just was a conviction. If we were doing it like we do with categorical analysis for crimes of violence cases, we usually, well, you presume it's the, you know, broadest possible thing here. But you're saying, no, we should just presume it was only attempt. But it could have been conspiracy. Nothing says it wasn't conspiracy. Right. I mean, he hasn't put on any evidence to demonstrate it was conspiracy. Well, he put the face of the conviction. Well, he didn't. He didn't enter that into the record. But I think even though you can't rely on the fact of the indictment under Section 401, I do think you can look at the conduct that's described in there to understand the facts of what happened. And the facts of what happened were that he was found in his apartment with 41 baggies of crack. That looks like an attempt and not a conspiracy. Those are all the facts that are set out in the indictment. Well, are you saying that in light of what the indictment said, he could not have been convicted of conspiracy? I don't believe so because there's no agreement. And the essence of the conspiracy is an agreement. If there's no one with whom he can agree, he can't be convicted of a conspiracy. So he could not have pled to a conspiracy on the record that we have before us in your view? On the record before us, I do not see how he could have pled to a conspiracy. Even if it were a conspiracy, I think there are two different conspiracies. I think this looks very much like Laguna Stella itself. There is only one defendant in common, and there will be additional evidence introduced. The defendant suggests that the only evidence that the government will introduce is that sale. That's not true. There are additional witnesses who will testify that he was a seller and part of the broader conspiracy. But the court doesn't need to read this because we believe that he has not met his burden of showing that it was a conspiracy and not an attempt. And under Blockberger, attempt and conspiracy are two different offenses, and therefore there's no double jeopardy problem. If this court has no further questions, I ask that the lower court decision be affirmed. Thank you.